UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINN BASS,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>CITY OF SAN BERNARDINO MUNICIPAL WATER DEPARTMENT, ET AL.,<br><br>　　　　　　Defendant(s). | Case No. EDCV 17-1080-JVS (KK)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I.

## **INTRODUCTION**

On May 31, 2017, Plaintiff Quinn Bass ("Plaintiff"), proceeding pro se filed a Complaint for violations of his Fifth and Fourteenth Amendment rights against defendants City of San Bernardino Municipal Water Department, Ricardo Gonzalez, Simplicio Gonzalez, and Rosa Gonzalez ("Defendants"). For the reasons discussed below, the Court dismisses the Complaint with leave to amend.[1]

---

[1] On June 22, 2017, defendant City of San Bernardino Municipal Water Department filed a Motion to Dismiss the Complaint for (1) failure to state sufficient facts to support a claim and (2) insufficient service of process. Dkt. 15. As the Court is dismissing the Complaint with leave to amend based on Plaintiff's failure to comply with Federal Rule of Civil Procedure 8, the Court denies Defendant's motion as moot. See Glair v. City of Los Angeles, No. CV 09-6450-R (RNB), 2010 WL 1407357, at *1 (C.D. Cal. Feb. 17, 2010), report and recommendation adopted, No. CV 09-6450-R (RNB), 2010 WL 1403947 (C.D. Cal. Apr. 5, 2010), aff'd, 437 F. App'x 603 (9th Cir. 2011) ("The Court's

## II.

## **BACKGROUND**

On May 31, 2017, Plaintiff filed a Complaint against Defendants. ECF Docket No. ("Dkt.") 1. It appears Plaintiff is claiming Defendants violated his Fifth and Fourteenth Amendment rights when they refused to turn on his water and electricity despite Plaintiff's claim he provided sufficient proof of possession of property "located at 1715 N. Lugo Ave., San Bernardino, CA 92404." Id. at 2, 4, 6. Because of Defendants' actions, Plaintiff alleges he has no water and "can't clean, [and] can't put out fire if needed." Id. at 2.

## III.

## **STANDARD OF REVIEW**

In civil actions where the plaintiff is proceeding in forma pauperis, Congress requires district courts to dismiss the complaint "at any time" if the court determines the complaint, or any portion thereof: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 n.7 (9th Cir. 2000) (en banc).

Even when a plaintiff is not proceeding in forma pauperis, Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim sua sponte and without notice "where the claimant cannot possibly win relief." Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987); see also Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988) (same). The court's authority in this regard includes sua sponte dismissal of claims against defendants who have not been

---

recommendation that the Complaint be dismissed without leave to amend for failure to state a claim, however, renders defendants' two motions pertaining to the insufficiency of service moot.").

served and defendants who have not yet answered or appeared. See Abagnin v. AMVAC Chemical Corp., 545 F.3d 733, 742-43 (9th Cir. 2008).

In applying these standards, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citations and internal quotation marks omitted). However, "a pro se litigant is not excused from knowing the most basic pleading requirements" or "from following court rules." Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107-08 (9th Cir. 2000) (citation and internal quotation marks omitted); see also Pliler v. Ford, 542 U.S. 225, 231, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

## IV.

## DISCUSSION

## THE COMPLAINT FAILS TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 8

**A. APPLICABLE LAW**

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). "[T]he short and plain statement must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) (citation omitted). "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." Bautista v. Los Angeles Cnty., 216 F.3d 837, 841 (9th Cir. 2000) (citations and internal quotation marks omitted).

Rule 8 "has been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling." Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011) (citation and internal quotation marks omitted). See also McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming the dismissal of a complaint under Rule 8 for being "argumentative, prolix, replete with redundancy, and largely irrelevant"). A complaint may be dismissed for violating Rule 8 even if "a few possible claims" can be identified and the complaint is not "wholly without merit." Id. at 1179 (stating Rule 8's requirements apply "to good claims as well as bad"). See also Cafasso, 637 F.3d at 1059 (discussing cases in which the Ninth Circuit affirmed Rule 8 dismissals); Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1130-31 (9th Cir. 2008) (same).

**B. ANALYSIS**

Here, the Complaint is rambling and confusing such that the Court cannot discern Plaintiff's claims. See Dkt. 1, Compl.; Cafasso, 637 F.3d at 1059; McHenry, 84 F.3d at 1177. As a preliminary matter, Plaintiff fails to include basic information such as whether he is suing defendants in their individual or official capacities. As to the substance of the Complaint, Plaintiff does not include any "short and plain statement" of his claims or causes of action. Specifically, Plaintiff fails to identify what actions each defendant took against Plaintiff and how each defendant specifically harmed him. While Plaintiff references violations of his Fifth and Fourteenth Amendment rights, he fails to provide any specific facts alleging what actions each defendants took to violate Plaintiff's constitutional rights. See Dkt. 1 at 2-4. For example, Plaintiff conclusorily claims defendant San Bernardino Water Department is liable "for creating a tort and violating [Plaintiff's] 14th and 5th Amendment Rights." Id. at 4. Similarly, Plaintiff simply alleges defendant Ricardo Gonzalez and defendant Simplicio Gonzalez "attempted [a] self help eviction . . . without due process." Id. Absent specific allegations

4

identifying what actions each defendant took against Plaintiff and how such action violated Plaintiff's rights, the Complaint fails to provide Defendants with fair notice of Plaintiff's claims or the grounds upon which they rest.

Unclear pleadings, such as the Complaint, that "leav[e] it to the Court to figure out what the full array of [Plaintiff's] claims is and upon what federal law, and upon what facts, each claim is based," remain subject to dismissal. Little v. Baca, No. CV 13–0373-PA (RZ), 2013 WL 436018, at *3 (C.D. Cal. Feb. 1, 2013). Accordingly, the Complaint is subject to dismissal for failure to comply with Rule 8. See McHenry, 84 F.3d at 1177; see also Clayburn v. Schirmer, No. CIV S-06-2182-ALA (P), 2008 WL 564958, at *3-4 (E.D. Cal. Feb. 28, 2008) (Alarcón, Circuit J., sitting by designation) (dismissing "long, rambling pleading" under Rule 8 and noting "[t]he court (and any defendant) should be able to read and understand Plaintiff's pleading within minutes").

If Plaintiff chooses to amend the Complaint, Plaintiff must state each claim separately and identify Defendants for each claim. In addition, for each claim, Plaintiff should clearly, precisely, and briefly identify the legal basis and the facts underlying it. See Bautista, 216 F.3d at 840-41. Plaintiff should only include facts necessary to state a claim and need not include additional exhibits to support his allegations. Instead, Plaintiff should clearly state (1) the alleged harm; (2) who caused the alleged harm; (3) when the alleged harm was committed; and (4) what actions were committed by each alleged wrongdoer.

## V.
## **LEAVE TO FILE A FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

5

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. County of Orange, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012) (citations omitted); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First**

**Amended Complaint will be dismissed without leave to amend and with prejudice.**

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use.**

Dated: August 16, 2017

HONORABLE KENLY KIYA KATO
United States Magistrate Judge